UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOSEPH SAMSON,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Defendant(s). | Case No. EDCV 16-991-JVS (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

On May 3, 2016, Plaintiff David Joseph Sampson ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a Complaint ("Complaint) pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and Title 28 of the

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Mayer v. Redix, No. CIV S-10-1552 GGH P, 2012 WL 360202, at *7 n.22 (E.D. Cal. Feb. 2, 2012) on reconsideration, No. CIV S-10-1552 GGH P, 2012 WL 1082044 (E.D. Cal. Mar. 30, 2012) (applying "mailbox rule" to Bivens action). Here, Plaintiff signed the Complaint on May 3, 2016. ECF Docket No. ("Dkt.") 1, Compl. Thus, the Court deems May 3, 2016 the filing date.

United States Code, section 2671, et seq., the Federal Tort Claims Act. Dkt. 1, Compl. Plaintiff sues defendants Quinn Ross, Anna Cortez, Ladrew Price, Juana Cavinder, and James Hicks, each in their individual capacity, for deliberate indifference to his serious medical needs in violation of the Eighth Amendment after he broke his jaw on June 21, 2014, and defendant United States of America under the Federal Tort Claims Act for medical negligence. Id.

As discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).

However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

1 Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th
2 Cir. 2009).

### III.
### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges on June 21, 2014 at approximately 3:00 a.m., while he was incarcerated at United States Penitentiary Victorville ("USP Victorville"), he broke his jaw when he fell and struck his face on the sink in his cell. Compl. at 4.

On June 22, 2014, defendant Cortez, a member of the medical staff at USP Victorville, was handing out medication in Plaintiff's housing unit during the morning shift. Id. Plaintiff informed defendant Cortez that he had been seriously injured. Id. Defendant Cortez said there was nothing she could do "because it was Sunday, and there was no one in medical." Id. She apologized and walked away. Id.

On June 23, 2014, defendant Price, also a member of the medical staff at USP Victorville, was handing out medication in Plaintiff's housing unit. Id. Plaintiff handed defendant Price an inmate written request explaining that he needed medical assistance. Id. Defendant Price refused to take the note and responded "you must have been doing something you shouldn't have been doing." Id. at 5. "Defendant Price walked off without rendering medical assistance or ordering followup care." Id.

On June 24, 2014, Lieutenant White observed Plaintiff's condition and sent him immediately to medical. Id. The same day, Plaintiff was taken to San Bernardino Community Hospital for emergency medical care, where his jaw was repaired with a steel plate and wired shut to allow the fracture to heal. Id. at 6.

On August 1, 2014, the screws that held Plaintiff's jaw shut popped loose. Id. Wires were sticking out and cutting into Plaintiff's mouth. Id. When the unit officer called defendant Price in medical, defendant Price said "he is good. The

break is merely healing. Tell him to come to sick call tomorrow." Id. However, there was no sick call the next day, because it was the weekend. Id.

On August 4, 2014, defendant Cavinder, a member of the dental staff at USP Victorville, took x-rays of Plaintiff's jaw, removed the remaining screws, and told Plaintiff defendant Hicks "would fix it when he returned from vacation." Id.

On September 16, 2014, defendant Hicks, a member of the dental staff at USP Victoville, took additional x-rays and told Plaintiff "he would be placed on a surgery referral." Id. at 7.

On December 1, 2014, Plaintiff went to sick call due to continuing jaw pain and his inability to eat. Id. However, defendant Price turned Plaintiff away from sick call, simply stating he was not taking sick call requests. Id.

On December 8, 2014, defendant Cavinder took another x-ray and informed Plaintiff he would be given Tylenol for the pain, but the prescription was never filled. Id.

On January 2, 2014, Plaintiff was taken to Loma Linda Medical Center for a second surgery to remove a broken tooth and have another steel plate inserted into his jaw. Id.

## IV.
## DISCUSSION

### A. LAW APPLICABLE TO DELIBERATE INDIFFERENCE CLAIM UNDER THE EIGHTH AMENDMENT

Prison officials or private physicians under contract to treat state inmates "violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation, internal quotation marks, and alterations omitted); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of

an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Id. at 1082 (citation and internal quotation marks omitted). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (citation and internal quotation marks omitted).

"Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a" deliberate indifference claim.). A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . .

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 331.

## B. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT ROSS

Here, the Complaint contains no factual allegations regarding defendant Ross's personal involvement, if any, in Plaintiff's injuries. Moreover, to the extent Plaintiff asserts defendant Ross, a member of the medical staff at USP Victorville, is liable as a supervisor of the other individual defendants, there is no "supervisory liability" in Bivens actions. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Rather, Plaintiff must establish defendant Ross had personal involvement in the civil rights violations or his action or inaction caused the harm suffered. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 129 S. Ct. at 1949.

Here, Plaintiff's Complaint does not allege facts that establish either personal involvement by defendant Ross or any direct causal connection between defendant Ross's actions and the constitutional violations that Plaintiff is attempting to assert. Plaintiff must allege specific facts showing what defendant Ross personally did or did not do, when and where, and how his action or inaction directly caused a violation of Plaintiff's civil rights, or he cannot allege a claim against defendant Ross.

## C. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS CAVINDER AND HICKS

Plaintiff fails to allege defendants Cavinder and Hicks were deliberately indifferent to Plaintiff's serious medical needs. In fact, Plaintiff alleges when he saw defendant Cavinder for the first time on August 4, 2014, defendant Cavinder took x-rays, removed the remaining screws, and arranged for Plaintiff to see

7

defendant Hicks for further treatment. Similarly, on September 16, 2014, when Plaintiff saw defendant Hicks for the first time, defendant Hicks took x-rays and referred Plaintiff for surgery, which occurred on January 2, 2015. Finally, on December 8, 2014, when Plaintiff saw defendant Cavinder again, defendant Cavidner took additional x-rays and prescribed Tylenol for Plaintiff's pain. While Plaintiff alleges the prescription was never filled, there is no indication that failure was through any fault of defendant Cavinder. Therefore, Plaintiff fails to allege "the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 331. Hence, Plaintiff fails to sufficiently allege defendants Cavinder and Hicks were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the

1 claims asserted in the Complaint.  In addition, the First Amended Complaint must
2 be complete without reference to the Complaint or any other pleading, attachment,
3 or document.

4       An amended complaint supersedes the preceding complaint.  <u>Ferdik v.
5 Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will
6 treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants
7 Plaintiff leave to amend as to all his claims raised here, any claim raised in a
8 preceding complaint is waived if it is not raised again in the First Amended
9 Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

10       The Court advises Plaintiff that it generally will not be well-disposed toward
11 another dismissal with leave to amend if Plaintiff files a First Amended Complaint
12 that continues to include claims on which relief cannot be granted.  "[A] district
13 court's discretion over amendments is especially broad 'where the court has
14 already given a plaintiff one or more opportunities to amend his complaint.'"
15 <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations
16 omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First
17 Amended Complaint with claims on which relief cannot be granted, the First
18 Amended Complaint will be dismissed without leave to amend and with
19 prejudice.**

20       **Plaintiff is explicitly cautioned that failure to timely file a First
21 Amended Complaint will result in this action being dismissed without
22 prejudice for failure to state a claim, prosecute and/or obey Court orders
23 pursuant to Federal Rule of Civil Procedure 41(b).**

25 Dated: May 26, 2016

26       HONORABLE KENLY KIYA KATO
      United States Magistrate Judge